IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL B. JOHNSON, )<br>　　　　　　　　　　　　　　)<br>　　　*Plaintiff*, 　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>YELP, 　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　*Defendant*. 　　　　　　)<br>_____ ) | Civil Action No. 20-CV-60-TJK |

## YELP INC.'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

Defendant Yelp Inc. ("Yelp"), by and through undersigned counsel, respectfully opposes Plaintiff Samuel B. Johnson's ("Plaintiff" or "Johnson") Second Motion for Leave to File Amended Complaint[1] for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

## PRELIMINARY STATEMENT

This is Johnson's second Motion for Leave to Amend. On May 26, 2020, Yelp filed a Motion to Dismiss Johnson's initial Complaint for failure to state a claim. *See* ECF No. 7. Thereafter, the Court directed Johnson to respond to Yelp's Motion to Dismiss by July 9, 2020, "or risk dismissal of the case." *See* ECF No. 11. Johnson did not respond to Yelp's Motion to Dismiss, but instead filed a first Motion to Amend (*see* ECF No. 12), which Yelp opposed. *See* ECF No. 13. Before the Court ruled on those motions, Johnson filed this second Motion for Leave to Amend ("Motion"). Johnson's latest allegations still fail to cure any of the deficiencies identified in Yelp's Motion to Dismiss, and leave to amend should be denied as futile.

---

[1] Johnson's motion is incorrectly styled "Joint Motion for Leave to File a Second Amended Complaint And Opposition to Yelp's Motion to Dismiss."

## **FACTUAL BACKGROUND**[2]

Yelp hired Johnson as an Account Executive (a sales role) in or around October 2018. *See* ECF No. 1-1 at 6 (Johnson noting in an email dated January 22, 2019 that he had been employed by Yelp for "3 1/2 months"). On January 18, 2019, Johnson's then-manager sent him an email to address an instance of unprofessional conduct. *See* ECF No. 1-1 at 13. In that email, the manager emphasized the importance of accepting critical feedback and keeping "all conversations with managers and peers in the office at a professional and respectful level," while also expressing her belief in Johnson's potential and offering to help him. *Id.* The manager also warned that if further instances of unprofessional conduct arose, "we will have to sit down to discuss your fit for the role of an Account Executive." *Id.* On January 22, 2019, in response to the manager's feedback, Johnson sent a member of Yelp's HR team an email entitled "Formal Complaint of Discrimination." *Id.* at 3. Johnson opened the email by "assert[ing] [his] protection as a protected class (African-American/Heterosexual)"[3] and warning Yelp about taking any form of adverse or negative action against him. *Id.*

In Johnson's email, he took issue with his manager's warning, as well as various other feedback he had received from his manager for, *inter alia*, his lack of professionalism, various violations of Yelp policy, and failure to promptly escalate a potential Yelp customer who asked to speak to Johnson's manager. *See* ECF No. 1-1 at 3-6. Johnson raised concerns that his job was in jeopardy because his manager, he claimed, "has shown a lack of maturity, and appears to hold certain biases against me because I am a large, Heterosexual, [] African-American man." *Id.* at 5.

---

[2] The facts described herein are taken from Johnson's Complaint and attached documents and are presumed true solely for the purposes of Yelp's Motion to Dismiss and this brief.

[3] Johnson's Complaint and EEOC Charge refer only to racial discrimination, and do not refer to sexual orientation.

Johnson also aired a number of other grievances about the manager, ranging from her alleged "conversations with the homosexual and the young ladies on the team about their male crushes," to her alleged failure to assign him a new sales territory after he told her the territory was "not a good fit for [him]." *Id.* at 6.

At his request, Johnson was subsequently transferred to a new team (with a new manager) and assigned a new territory—also at his request. *See* ECF No. 1-1 at 10. On February 5, 2019— three days into the transition—Johnson sent another message to a member of Yelp's HR team claiming that "everything I say or do appears to be wrong according to [his new manager]" and that most of his new territory had not been populated to his pipeline. *Id*. One week later, on February 12, 2019, Johnson sent another message claiming, without further explanation, that he was increasingly experiencing a "hostile work environment" and that he "may be getting retaliated against for complaining about discrimination at Yelp." *Id.* at 9.

On June 17, 2019, another new manager emailed Johnson concerning additional instances of "failure to accept and adopt feedback as well as communicating inappropriately with [his] manager/coworkers." ECF No. 1-1 at 14. But again, the pleadings show that Yelp neither contemplated nor took any adverse action against Johnson. Rather, the email concluded that "we all make mistakes from time to time" and the manager noted that he wanted Johnson to have "a long and successful career at Yelp." *Id.*

Despite Johnson's self-described success, on October 2, 2019, Johnson filed a Charge of Discrimination with the EEOC. *See* EEOC Charge, ECF No. 7-2. A week later, the EEOC dismissed the Charge and issued an October 9, 2019 right-to-sue letter. *See* ECF No. 1-1 at 1. On January 9, 2020, Johnson filed the Complaint in this case, *pro se*, alleging discrimination under Title VII on the basis of race.

Generously construed, Johnson's Complaint contains three identifiable claims: hostile work environment, discrimination, and retaliation. In Yelp's Memorandum in Support of its Motion to Dismiss, Yelp details the numerous deficiencies in Johnson's Complaint warranting dismissal, to which the Court is respectfully referred. *See* ECF No. 7-1. Those arguments apply with equal force here. Johnson's Motion contains additional allegations—most of which are either irrelevant or conclusory—but no new or different claims. Because the additional allegations in Johnson's Motion fail to rectify any of the defects in his Complaint, leave to amend should be denied as futile, and the Court should grant Yelp's outstanding Motion to Dismiss in its entirety.

## **LEGAL ARGUMENT**

Johnson's Motion to Amend should be denied as futile. Although the "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is well established that leave to amend should be denied when amendment would be futile." *SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015).

"Courts may deny a motion to amend a complaint as futile . . . . if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Thus, "in determining the futility of amendment, the Court applies the same standard it applies in resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Beach TV Properties, Inc. v. Solomon*, 254 F. Supp. 3d 118, 124 (D.D.C. 2017).

Johnson's Motion contains virtually no new factual allegations—let alone any allegations that would cure the multiple pleading deficiencies identified in Yelp's Motion to Dismiss. At bottom, there are no alleged facts that could constitute a hostile work environment and Johnson's own pleadings show that Yelp has never taken any adverse action against him (in fact, Johnson

continues to be a self-described success at Yelp). For the reasons set forth below, the Court should deny further leave to amend.

      **A.**      **Johnson's Proposed Amendments Fail to State a Claim for Hostile Work Environment**

To state a claim for hostile work environment under Title VII, "a plaintiff must show that his employer subjected him to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Gaskins v. Williams & Connolly LLP*, 779 F. Supp. 2d 1, 12-13 (D.D.C. 2011) (dismissing hostile work environment claim where alleged conduct was not sufficiently severe). He also must allege conduct specifically related to "[his] membership in a protected class." *Slate v. Pub. Defender Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 303 (D.D.C. 2014) (quotations and citations omitted).

As detailed in Yelp's Memorandum in Support of its Motion to Dismiss, Johnson's Complaint fails both these requirements: it does not allege the sort of "extreme" conduct necessary to state a hostile work environment claim, and it does not allege harassment specifically related to Johnson's race. *See* Memorandum in Support of Yelp's Motion to Dismiss, ECF No. 7-1 ("MTD") at 6; *see also George v. Leavitt*, 407 F.3d 405, 416 (D.C. Cir. 2005) ("The Supreme Court has made it clear that 'conduct must be extreme to amount to a change in the terms and conditions of employment.'") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Johnson's Motion cures neither of these defects: like the Complaint, the Motion fails to allege conduct severe enough to support a hostile work environment claim. Rather, the Motion merely describes the same sort of conduct as described in the Complaint—for example, criticism by managers and close scrutiny of work assignments—that is decidedly insufficient to state a claim for hostile work environment. *See Tyes-Williams v. Whitaker*, 361 F. Supp. 3d 1, 8 (D.D.C. 2019)

("[D]isparaging remarks, criticisms of [the plaintiff's] work, and other negative comments" do not state a claim for hostile work environment, nor do allegations of "the removal of important assignments, lowered performance evaluations, and close scrutiny of assignments by management."); Mot. to Am. ¶¶ 11-14. Nor does Johnson's Motion remedy the second defect of Johnson's hostile work environment claim: Johnson still fails to describe any facts linking the alleged hostile work environment with Johnson's membership in a protected class. *See Badibanga v. Howard Univ. Hosp.*, 679 F. Supp. 2d 99, 104 (D.D.C. 2010) ("Allegations that are unrelated to [the plaintiff's] race/ethnicity, such as his allegations that he was disciplined when others were not and that he was falsely accused of being rude, cannot support a claim for hostile work environment.").

In sum, because the Motion does not supply any additional allegations which can cure the defects in Johnson's original hostile work environment claim, leave to amend is futile, and should be denied.

### B.  Johnson's Proposed Amendments Fail to State a Claim for Discrimination

Likewise, Johnson's Motion fails to remedy the defects of Johnson's discrimination claim. As explained in Yelp's Memorandum in Support of its Motion to Dismiss, the Complaint fails to state a cause of action for discrimination for several independent reasons: *first*, Johnson has failed to exhaust his administrative remedies with respect to that claim; *second*, Johnson fails to identify sufficiently material adverse employment actions in order to state a claim for discrimination; and *third*, Johnson alleges no facts to support an inference of discrimination.

#### 1. Amendment Cannot Overcome Johnson's Failure to Exhaust His Administrative Remedies

As a threshold matter, Johnson does not dispute he failed to exhaust his administrative remedies with respect to his discrimination claim. *See* MTD at 10-12. That failure alone requires

- 6 -

dismissal. *See Hudson v. Children's Nat. Med. Ctr.*, 645 F. Supp. 2d 1, 4 (D.D.C. 2009) ("Dismissal results when a plaintiff fails to exhaust administrative remedies with respect to a particular claim.").

Because "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002), "a Title VII plaintiff is required to exhaust his or her administrative remedies with respect to each discrete allegedly discriminatory or retaliatory act." *Wada v. Tomlinson*, 517 F. Supp. 2d 148, 183 (D.D.C. 2007) (citing *Morgan*, 536 U.S. at 122); *see also Jeffers v. Chao*, No. CIV.A. 03-1762 (RMC), 2004 WL 3257069, at *5 (D.D.C. Sept. 21, 2004) ("Implicit in the Title VII framework is the requirement that aggrieved parties pursue administrative remedies in more than a *de minimus* fashion."). Johnson's threadbare EEOC charge—which alleges only that he "has been subjected to discrimination due to [his] race and color," but does not specify how—thus inherently limits the scope of any potential amendments. *See* ECF No. 7-2 (EEOC Charge). Amendment is therefore futile, and leave to amend should be denied on this basis alone. *See Masson v. Aramark Inc.*, 310 F. Supp. 3d 128, 131 (D.D.C. 2018) (prospectively denying "any motion for leave to file an amended complaint" because failure to exhaust administrative remedies rendered amendment futile).

### 2. The Motion Fails to Allege Additional Facts Sufficient to State a Claim for Discrimination

Johnson's Motion also fails to remedy two of the Complaint's other defects: (i) it fails to describe any sufficiently material adverse employment actions; and (ii) it lacks any facts to support an inference of discrimination. *See* MTD at 7-10; *see also Edwards v. Gray*, 7 F. Supp. 3d 111, 115 (D.D.C. 2013) (to state a claim for discrimination under Title VII, a plaintiff must allege that "(1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, and (3)

the unfavorable action gives rise to an inference of discrimination."). Without this information, Johnson's new allegations fails to state a claim for discrimination, and leave to amend should be denied.

To support an "inference of discrimination," a plaintiff must allege that he was "treated differently from similarly situated employees who are not part of the protected class." *Redmon v. YMCA of Metro. Washington*, 417 F. Supp. 3d 99, 103 (D.D.C. 2019). In other words, a plaintiff must "demonstrate that all of the relevant aspects of [his] employment situation were nearly identical to those of the [comparator]." *Id.* (quoting *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999) (emphasis added)). Johnson has not do so. Johnson identifies a sole non-black employee who, he contends, "received several territory changes." *See* Mot. to Am. ¶ 33. But other than race, Johnson provides no other information about the other employee: he does not identify his background, performance history, experience level, nature of the territory re-assignments, or any other information necessary to evaluate whether the proposed comparator is "nearly identical" to Johnson. *Redmon*, 417 F. Supp. at 103. Johnson's one cherry-picked comparator thus has limited persuasive value, and fails to supply the necessary information to state a claim for discrimination. *See Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 405 (7th Cir. 2007) (noting that proposed comparators in Title VII actions are less persuasive "to the extent . . . the plaintiff cherry-picks" them), *aff'd*, 553 U.S. 442 (2008).

Additionally, Johnson's false allegation that a Yelp HR representative "concluded that [Johnson] was indeed discriminated against" in January 2019[4]—that is, months *before* most of the new alleged events Johnson describes in his Motion to Amend (*see* Mot. to Am. ¶ 22)—also fails

---

[4] *See* ECF No. 12 at 2 (Johnson's Motion to Amend stating that HR investigation was conducted in January 2019).

to cure the elemental deficiencies with this claim. Even supposing, solely for the purposes of the pending motions, that this allegation were true, it is conclusory and devoid of any alleged supporting facts which might support the actual elements of a well-pleaded discrimination claim. *See Massaquoi v. District of Columbia*, 81 F. Supp. 3d 44, 49 (D.D.C. 2015) (dismissing Title VII discrimination claim; "[a]side from conclusory allegations, the plaintiff offers nothing more to suggest that the alleged adverse employment actions he endured while he was employed by the defendant were because of his national origin, gender, or religion."). Johnson's conclusory allegation of discrimination, without any supporting facts, "stop short of the line between possibility and plausibility of entitlement to relief" and warrants dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).

### C. Johnson's Proposed Amendments Fail to State a Claim for Retaliation

Finally, Johnson's proposed amendments also fail to state a claim for retaliation because his retaliation allegations are either insufficiently material or do not appear in his EEOC charge. *See* MTD at 10-11. Although Johnson's Motion provides some additional detail with respect to his retaliation claim, these new allegations still suffer from the same flaws, and so amendment of this claim would be also be futile and should be denied.

Johnson's Motion chronicles a variety of conflicts with his managers at Yelp, none of which support a retaliation claim. First, Johnson asserts that his new manager, Jesse Rome, was "unjustifiably critical" of Johnson for the "first few days" after Johnson joined that team. Mot. to Am. ¶ 23. But these sort of "minor annoyances" are insufficiently material to state claim for retaliation: to constitute "material adversity" for the purposes of a retaliation claim, the alleged conduct must be "regular[] or sever[e]." *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) ("profanity-laden" altercations with supervisor insufficient to state a claim for retaliation).

Next, Johnson charges that his subsequent manager, Andy Joss, "deliberately sabotaged" Johnson by "barging" his calls and causing "loud static." Mot. to Am. ¶¶ 24-28. Not only does this conduct similarly not rise to the level of "material adversity," but the temporal gap between Johnson's HR complaint and Mr. Joss's alleged conduct—at least three months—is too great to infer any causal connection between the protected conduct and the retaliation.[5] *See Pueschel v. Chao*, 955 F.3d 163, 167 (D.C. Cir. 2020) ("[I]n the absence of direct evidence of retaliation, such claims are generally limited to conduct occurring shortly after the employee's protected activity."); *Winston v. Clough*, 174 F. Supp. 3d 224, 239 (D.D.C. 2013) ("Courts in this District have held that a gap of even two months is too remote to infer any casual connection.").

Johnson next contends that another new sales manager directed Johnson to read a scenario during a July 2020 training presentation in which "an employee named Sam" was "'struggling' to sound like an industry expert" in order to "ridicule [Johnson] in front of his peers." *See* Mot. to Am. ¶ 32. This new allegation also fails to support a retaliation claim, for two reasons. First, this allegation, like the others before it, is insufficiently material to state a claim for retaliation. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("[P]etty slights" and "minor annoyances" do not a retaliation claim make, and Title VII "does not set forth a general civility code for the American workplace"). Second, Johnson has failed to exhaust his administrative remedies with respect to this new allegation—which post-dates both the EEOC charge and the EEOC's right-to-sue letter by approximately eight months—because acts encompassed by the EEOC charge "'necessarily' [d]o not encompass acts of retaliation occurring after end of the administrative investigation, [since] the investigation could not have uncovered them." *Redding*

---

[5] Johnson filed his HR complaint in January 2019, *see* ECF No. 1-1 at 3, and, according to Johnson, Mr. Joss began managing Johnson in April or May 2019. *See* Mot. to Am. ¶ 24.

*v. Mattis*, 327 F. Supp. 3d 136, 140 (D.D.C. 2018) (citing *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010)).

Lastly, Johnson's allegations relating to Yelp's purported failure to promote Johnson to management (*see* Mot. to Am. ¶¶ 31-34) fail to support a retaliation claim because Johnson does not allege, as he must, that he applied for any promotion, let alone that there was an available promotion for which he was qualified. *See Lathram v. Snow*, 336 F.3d 1085, 1089 (D.C. Cir. 2003) ("[A]n element of a prima facie case of discriminatory non-promotion is that the plaintiff *applied for and was denied an available position for which he/she was qualified*." (emphasis in original)); *Stoyanov v. Winter*, 643 F. Supp. 2d 4, 13 (D.D.C. 2009) ("[A] plaintiff cannot even establish a prima facie case of discriminatory or retaliatory failure to promote if he did not apply for the position."). In addition, Johnson's failure-to-promote allegations do not appear in his EEOC charge, *see* ECF No. 1-1, thus independently warranting dismissal for failure to exhaust his administrative remedies. *See Clark v. Johnson*, 206 F. Supp. 3d 645, 657 (D.D.C. 2016) ("Where an employee alleges discrete claims of discrimination or retaliation, such as a failure to promote or a demotion, the employee must exhaust administrative remedies for each discrete claim." (alterations omitted)).

In conclusion, none of Johnson's newly-raised retaliation allegations can save his fatally flawed retaliation claim. Amendment would be futile, and leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, Yelp respectfully requests that Johnson's most recent Motion to Amend also be denied and that Yelp's Motion to Dismiss be granted.

Dated: August 18, 2020	Respectfully submitted,

/s/ Serine Consolino
Serine Consolino (Bar No. 1033847)
Sean M. Roberts (Bar No. 242465)
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, N.W., Suite 740
Washington, D.C. 20004
Tel: (202) 737-3373
Fax: (202) 735-5071
sconsolino@aegislawgroup.com
sroberts@aegislawgroup.com

*Counsel for Defendant Yelp Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, I caused the foregoing document to be sent by first-class United States mail, postage pre-paid, to Plaintiff at the following address:

Samuel B. Johnson
655 Anacostia Avenue, NE
Washington, DC 20019

/s/ Serine Consolino
Serine Consolino