IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL B. JOHNSON, | ) |
|       *Plaintiff*, | ) |
| v. | ) Civil Action No. 20-CV-60-TJK |
| YELP, | ) |
|       *Defendant*. | ) |

## DEFENDANT YELP INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Yelp Inc., by and through undersigned counsel, hereby submits the following Answer and Affirmative Defenses to Plaintiff Samuel B. Johnson's ("Plaintiff") Amended Complaint.

1. Yelp is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint.

2. Yelp admits that its headquarters is located at 140 New Montgomery Street, San Francisco, CA 94105 and that its Washington, D.C. office is located at 575 7th Street NW, Washington, D.C. 20004.

3. Paragraph 3 contains Plaintiff's statement of the case and asserts legal conclusions to which no response is required. To the extent a response is required, Yelp denies the allegations in Paragraph 3 of the Amended Complaint.

4. Yelp admits that Plaintiff is a person who identifies as African-American and has been employed with Yelp since October 2018. Yelp denies that Plaintiff has been an Account Executive since October 2018; Yelp promoted Plaintiff to Elite Account Executive in September

2020.  Yelp is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Amended Complaint.

5.      Yelp is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 5 of the Amended Complaint.

6.      Yelp admits the allegations in Paragraph 6 of the Amended Complaint.

7.      Yelp admits that around the time Plaintiff was hired, its Washington, D.C. office was expanding rapidly, with plans to hire approximately five hundred account executives for that office.  Yelp admits that it does promote from within to sales management roles, that it seeks to promote a diverse management team, and that at the time Plaintiff was hired, Yelp employed no black sales managers resident in its Washington, D.C. office.  Yelp denies the remaining allegations in Paragraph 7 of the Amended Complaint.

8.      Yelp admits that in October 2018, there were no black sales managers in the Washington D.C. office.  There were black managers on other teams in the Washington D.C. office and black sales managers in other Yelp offices.

9.      Yelp denies the allegations in Paragraph 9 of the Amended Complaint.

10.     Yelp denies the allegations in Paragraph 10 of the Amended Complaint.

11.     Yelp admits that in October 2018, Plaintiff was assigned the calling territories of rural Maine and Brownsville, Texas.  Yelp is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the demographic characteristics of rural Maine and Brownsville, Texas.  Yelp denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12.     Yelp denies the allegations in Paragraph 12 of the Amended Complaint.

13. Yelp admits that in approximately January 2019, Plaintiff was reprimanded by his then-manager, Ms. Tracy Parco, for instances of unprofessional conduct. Yelp denies the allegations in Paragraph 13 of the Amended Complaint.

14. Yelp admits that in approximately January 2019, Plaintiff was reprimanded by his then-manager, Ms. Tracy Parco, for instances of unprofessional conduct. Yelp denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Yelp admits that Plaintiff asked for a new territory early in his employment. Yelp denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16. Yelp admits that certain employees on the sales team received territory changes in fall of 2018. Yelp denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17. Yelp denies the allegations in Paragraph 17 of the Amended Complaint.

18. Yelp denies the allegations in Paragraph 18 of the Amended Complaint.

19. Yelp denies the allegations in Paragraph 19 of the Amended Complaint.

20. Yelp admits that on January 18, 2019, Ms. Tracy Parco, Plaintiff's then-manager, emailed Plaintiff with a formal warning about professional communication and behavior. Yelp denies that Ms. Parco issued Plaintiff any "final" warning. Yelp denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Yelp admits that on or about January 22, 2019, Plaintiff emailed Ms. Brianna McIlwain alleging that his manager "has shown a lack of maturity, and appears to hold certain biases against me because I am a large, Heterosexual, [] African-American man," and that, in the same email, Plaintiff asserted "protection as a protected class (African-American/Heterosexual) under Title VII of The Civil Rights Act of 1964" and alleged that Yelp "cannot take any form of adverse [or] negative action" against him. Yelp further admits that on or about February 12,

2019, Plaintiff sent Ms. McIlwain another message claiming that he was increasingly experiencing a "hostile work environment" and that he "may be getting retaliated against for complaining about discrimination at Yelp." Yelp denies that the alleged complained-of conduct occurred or constitutes "employment discrimination."

22. Yelp admits that Ms. McIlwain investigated Plaintiff's various complaints. Yelp denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. Yelp admits that on or about February 5, 2019, Plaintiff sent Ms. McIlwain a message claiming that "everything I say or do appears to be wrong according to [his new manager]." Yelp denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24. Yelp admits that Plaintiff was assigned a new manager, Andy Joss, in approximately May 2019. Yelp denies the remaining allegations in Paragraph 24 of the Amended Complaint.

25. Yelp denies the allegations in Paragraph 25 of the Amended Complaint.

26. Yelp denies the allegations in Paragraph 26 of the Amended Complaint.

27. Yelp denies the allegations in Paragraph 27 of the Amended Complaint.

28. Yelp denies the allegations in Paragraph 28 of the Amended Complaint.

29. Yelp denies the allegations in Paragraph 29 of the Amended Complaint.

30. Yelp admits that in approximately September 2019, Plaintiff was re-assigned to Brooklyn, New York and Orlando, Florida, and that the following month, Yelp converted its assignment system from territories to regions, a change which impacted all sales executives—not just Plaintiff. Yelp denies the remaining allegations in Paragraph 30 of the Amended Complaint.

31. Yelp denies the allegations in Paragraph 31 of the Amended Complaint.

32. Yelp denies the allegations in Paragraph 32 of the Amended Complaint.

33. Yelp admits that Ms. Julia Bahl was a member of Yelp's "Presidents' Club" in 2019. Yelp denies the remaining allegations in Paragraph 33 of the Amended Complaint.

34. Yelp admits that Ms. Brianna McIlwain was promoted to Associate Director, Local Sales in 2020. Yelp denies the remaining allegations in Paragraph 34 of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Yelp asserts the following affirmative and other defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses. Yelp reserves the right to assert additional affirmative defenses upon further investigation and discovery into the matters alleged.

1. The Amended Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

2. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust his administrative remedies with respect to some or all of his claims.

3. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and/or waiver.

4. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to comply with the applicable time limits for filing EEOC charges.

5. Yelp denies that Plaintiff has suffered damages; in the alternative, Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages.

6. The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to entitle Plaintiff to an award of exemplary or punitive damages

7. Plaintiff has failed to state a prima facie case under any of the claims or causes of action he has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Yelp concerning Plaintiff were wholly based on legitimate, nondiscriminatory, and non-retaliatory reasons.

8. Plaintiff's maintenance of this action is without foundation, vexatious, and unreasonable, entitling Yelp to an award of attorneys' fees in the matter.

Dated: April 27, 2021                                  Respectfully submitted,

/s/ Serine Consolino
Serine Consolino (Bar No. 1033847)
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, N.W., Suite 740
Washington, D.C. 20004
Tel: (202) 706-7031
Fax: (202) 735-5071
sconsolino@aegislawgroup.com

*Counsel for Defendant Yelp Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2021, I caused the foregoing document to be sent by first-class United States mail, postage pre-paid, to Plaintiff at the following address:

Samuel B. Johnson
655 Anacostia Avenue, NE
Washington, DC 20019

/s/ Serine Consolino
Serine Consolino