## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL B. JOHNSON,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>YELP INC.,<br><br>　　　　*Defendant*. | Civil Action No. 20-60 (TJK) |

### ORDER OF APPOINTMENT OF COUNSEL FOR THE LIMITED PURPOSE OF MEDIATION AND REFERRAL TO MEDIATION

Upon consideration of the parties' Joint Status Report, *see* ECF No. 27, the Court has determined that this case should be referred to the Office of the Chief Circuit Mediator for mediation, and counsel should be appointed from the Court's Civil Pro Bono Panel for the limited purpose of assisting in the resolution of this case through mediation. Accordingly, it is

**ORDERED** that the Clerk appoint counsel for Plaintiff from the Civil Pro Bono Panel for the purpose of mediation in the above-captioned matter. The appointment shall be subject to the provisions of the "Guidelines for Court-Appointed Mediation Counsel," attached to and hereby incorporated by reference in this Order. It is further

**ORDERED** that Plaintiff must read and sign the "Notice of Acknowledgment of Appointment of Counsel for the Limited Purpose of Mediation" attached to this Order and file a signed copy with the Court. Additionally, it is

**ORDERED** that the Clerk of the Court shall promptly furnish a copy of this order to the Circuit Executive who shall designate a mediator. Counsel and the parties, including a person with settlement authority, must attend each mediation session.

Mediation will commence once a lawyer has entered an appearance on behalf of Plaintiff. The process shall be completed by February 14, 2022.  If the case settles in whole or in part, both parties shall immediately advise the Court of the settlement by filing a stipulation, and the parties must submit a report to this Court on the status of the mediation by February 14, 2022, if the matter is still pending at that time.  It is further

**ORDERED** that, if mediation is unsuccessful, five business days following the conclusion of mediation, the parties shall file a proposed summary judgment briefing schedule.

Finally, it is **ORDERED** that the above-captioned case is **STAYED** pending the close of mediation.  This Order does not stay any matters unrelated to this cause of action.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 12, 2021

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**GENERAL GUIDELINES FOR COURT-APPOINTED MEDIATION COUNSEL IN FEE-PAID *PRO SE* CASES**

Please observe these guidelines when serving as Court-appointed mediation counsel.

1. The party whom you have been appointed to represent has filed an action *pro se*. <u>You have been appointed for the limited purpose of representing the *pro se* party during the process of mediation</u>.

2. As appointed mediation counsel, you are under no duty to engage in discovery or motions practice. If, however, you find that the opposing party has not completed outstanding discovery to your client, and such discovery is necessary to proceed with mediation, you may advise the mediator of this fact and schedule the mediation session after the completion of such discovery.

3. Note that the order referring this case to mediation has already been entered. You should promptly meet with your client to discuss her/his goals and interests. A court-appointed mediator (or magistrate judge) will contact you and counsel for the opposing party to schedule the exact time and place of the mediation session(s).

4. You should assist your client in deciding whether and on what terms to settle the case and assist the client in drafting and reviewing any necessary agreements and related court papers. The mediator will notify the Court's ADR staff of the outcome of mediation.

5. In the event that the mediation is not successful in resolving the case, your appointment will expire unless, at your option and with the agreement of the *pro se* party, you decide to enter your appearance as counsel of record and proceed further.

6. Local Civil Rule 83.11(b)(9) provides for attorney's fees under certain circumstances, if agreed upon by counsel and client. Any such agreement must be in writing. Any arrangement agreed to by the parties must be approved by the Court.

**NOTICE OF ACKNOWLEDGMENT OF APPOINTMENT OF COUNSEL
FOR THE LIMITED PURPOSE OF MEDIATION**

    I have e received and reviewed the Court's Order of Appointment of Counsel for the Limited Purpose of Mediation, including the Guidelines for Court-Appointed Mediation Counsel attached to that Order. I understand that counsel is being appointed for the limited purpose of assisting me with the mediation process, and that I must continue to represent myself in this case with respect to matters other than mediation.

                              Respectfully submitted,

                              _____
                              Signature of *pro se* party

                              _____
                              Name of *pro se* party (printed)

                              _____
                              Address

                              _____
                              City        State        ZIP

                              _____
                              Telephone

DATE:_____