UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL B. JOHNSON,

        *Plaintiff*,

   v.                                                                          Civil Action No. 20-60 (TJK)

YELP INC.,

        *Defendant*.

**MEMORANDUM**

Before the Court is Defendant Yelp Inc.'s Motion for Summary Judgment, which Plaintiff Samuel B. Johnson, who is *pro se*, has not opposed. Because no reasonable jury could find in Johnson's favor on the undisputed record, the Court will grant the motion and enter judgment for Yelp Inc.

**I.     Background**

Johnson has been an employee at Yelp Inc. since October 1, 2018. ECF No. 32 at 8. His job involves selling online advertisements on Yelp's platform. *See id.* Johnson, an African-American, alleges that Yelp discriminated against him because of his race and retaliated against him for reporting discriminatory conduct, all in violation of Title VII. *See* ECF No. 17. He contends that Yelp's discriminatory and retaliatory actions included assigning him undesirable or poor-performing calling territories in which to engage potential clients, disruptively "barging"[1] his sales calls, failing to promote him, and otherwise interfering with his ability to succeed.

---

[1] "Barging" describes an industry practice by which a more senior-level employee joins another employee's sales call, often in a manner which ensures only the employee can hear the "barge," to provide real-time feedback and direction. *See* ECF No. 32 at 45, ¶ 134.

In March 2021, the Court granted Johnson leave to amend his racial discrimination and retaliation claims. *See* Minute Order of March 22, 2021. Yelp answered Johnson's amended complaint, and after the close of discovery and a failed attempt at mediation, Yelp moved for summary judgment. ECF No. 32.[2] But instead of responding, Johnson moved under Federal Rule of Civil Procedure 56(d) for additional discovery. ECF No. 34. The Court denied that motion and ordered Johnson to respond to the motion for summary judgment. *See* Minute Order of September 13, 2022. Since then, Johnson appears to have abandoned the case. The Court granted Johnson two opportunities to oppose Yelp's motion, but he failed to do so. *See* Minute Order of September 13, 2022; ECF No. 36. Upon missing the second deadline, the Court ordered Johnson to show cause why it should not treat Yelp's motion as unopposed, but he never responded. *See* Minute Order of December 6, 2022. In fact, Johnson has taken no action to prosecute this suit since moving for additional discovery in May 2022.

## II.   Legal Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016). To survive summary judgment, the nonmovant must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a

---

[2] ECF No. 32 redacts sensitive and nonpublic information about certain personnel, internal procedures, and company policies. Yelp moved to file unredacted exhibits under seal at ECF No. 33. The Court will grant that motion.

genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (cleaned up).  And for claims where the nonmovant bears the burden of proof at trial, he must make an evidentiary showing "sufficient to establish the existence of [each] element essential to [his] case." *Id.* at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and therefore entitles the moving party to "judgment as a matter of law." *Id.* at 323.

Generally, this District's local rules allow courts to treat an unopposed motion as conceded. *See* LCvR 7(b).  But because Federal Rule of Civil Procedure 56 requires it to "determine for itself whether the record and any undisputed material facts justify granting summary judgment," this Court may not treat Yelp's motion as conceded.  *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 506–07 (D.C. Cir. 2016) (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 96–98 (D.C. Cir. 2015) (Griffith, J., concurring)).  Even so, and consistent with the Federal Rules, "the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [for summary judgment].").  Thus, when a party "never oppose[s] summary judgment . . . , Local Rule 7(h) allow[s] the district court to assume that [the non-movant] admitted [those] facts." *Grimes*, 794 F.3d at 96 (Griffith, J., concurring).

**III.    Analysis**

Because Johnson did not oppose Yelp's motion for summary judgment—despite several opportunities to do so—the Court will treat Yelp's statement of material facts as admitted.  *See* LCvR 7(h).  Based on that record, Defendant is entitled to summary judgment.  Johnson's

3

complaint alleges Yelp, in violation of Title VII, (1) assigned him poor-performing calling territories and refused to promote him on account of his race; and (2) retaliated against him for reporting discriminatory conduct by barging his sales calls.³ To prevail on the discrimination claim, Johnson must show he "suffered an adverse employment action because of [his] race." *Norris v. WMATA*, 342 F. Supp. 3d 97, 109 (D.D.C. 2018). On the retaliation claim, he must prove he "made a charge or opposed a practice made unlawful by Title VII, that the employer took a materially adverse action against [him], and that the employer took the action because of the protected conduct." *Id.*

Johnson has not presented direct evidence of discrimination or retaliation, so the Court must apply the familiar *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).

> Under that framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. The burden then shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse employment action. If the employer can make such a showing, the burden shifts back to the plaintiff to show that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Norris*, 342 F. Supp. 2d at 109 (cleaned up). But as the D.C. Circuit has made clear, the Court's task at this point is *not* to decide whether Johnson has made out a prima facie case of discrimination or retaliation. Rather, if Yelp "has asserted a legitimate, non-discriminatory reason for [its] decision," the Court must resolve only "one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was" pretextual? *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008).

---

³ Throughout his amended complaint, Johnson also describes contentious interactions with his managers, alleging they informally disciplined and reprimanded him without cause. *See, e.g.*, ECF No. 17 ¶¶ 12, 13, 17, 20, 23. To the extent the Court has not already dismissed these claims as insufficient because they do not constitute adverse actions sufficient to support Johnson's Title VII retaliation claim, *see* ECF No. 22 at 16, the record entitles Yelp to summary judgment for the same reasons.

From there, it follows that the Court's inquiry here is narrow: If Yelp has asserted "legitimate, non-discriminatory reason[s]" for any adverse employment action Johnson alleges was discriminatory or retaliatory, the company is entitled to summary judgment.  By failing to oppose Yelp's motion, Johnson has not "produced sufficient evidence" from which a jury could find pretext under the *McDonell Douglas* framework.  *See Brady*, 520 F.3d at 494; *see also Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 79 F. Supp. 3d 60, 74 (D.D.C. 2015) (At summary judgment, "the movant always must satisfy its procedural burden under the summary judgment rules, regardless of whether the argument is unopposed, but at the same time, that procedural burden depends on which party bears the ultimate burden of proof at trial on the issue."); *United States v. Latney's Funeral Home, Inc.*, 938 F. Supp. 2d 73, 76 (D.D.C. 2013) (granting the government's unopposed summary judgment motion based on its tax assessments against the defendant because it established its prima facie case, and the defendant, "[b]y failing to respond to the government's prima facie case, . . . failed to meet its burden of proof").

With that framework in mind, the Court readily concludes that Yelp is entitled to summary judgment.  Beginning with Johnson's allegation that the company has refused to promote him on account of race or his protected activity, Johnson has not disputed that Yelp in fact promoted him *three times* in less than two years at the company.  ECF No. 32 at 54–55, ¶¶ 230–32.  In fact, undermining any allegation of retaliation specifically, one of these promotions occurred after Johnson filed his EEOC claim.  *Id.* at 55, ¶¶ 232, 234.  And there is no evidence in the record suggesting that any failure to promote Johnson had anything to do with his race.  On this undisputed record, no reasonable jury could find that Yelp failed to promote Johnson on account of his race.

As for Johnson's remaining claims, even if the Court assumes that Yelp took adverse employment actions against Johnson related to his territory assignments and barging practices, the

company has offered nondiscriminatory and nonretaliatory explanations for this conduct. To start, Johnson's initial territory assignment upon being hired could not have been race-based because company software randomly assigns territories to new hires. ECF No. 32 at 47, ¶¶ 159–61. And the company then liberally granted his many requests to swap territories. *See, e.g.*, *id.* at 51–54, ¶¶ 195, 200–05, 209–24. If a request was denied, it was because the territories Johnson selected were unavailable. *See id.* at 53–54, ¶¶ 215–23. And as for one manager's "brief delay in approving Johnson's swap request," it was that manager's race-neutral practice to "encourage[] new [Account Executives] on her team to 'work' their territories before submitting a swap request on their behalf." *Id.* at 19; 51, ¶ 195. In the end, there is no evidence in the record from which a reasonable jury could conclude that Yelp's decisions about Johnson's assigned territories had anything to do with his race. With no contrary evidence from Johnson, Yelp is entitled to summary judgment.

Yelp also offers nondiscriminatory and nonretaliatory explanations for barging Johnson's sales calls. Barging is "company policy," "widely used," "not uniquely directed to Johnson," "an important feature of Yelp's sales training and compliance," "actively encourage[d]" by the company, and a "common practice in sales organizations generally." ECF No. 32 at 43–45, ¶¶ 121–26. Indeed, Johnson's managers barged all their team members' calls. *See, e.g.*, *id.* at 45, ¶¶ 134–35. Again, there is no evidence in the record from which a reasonable jury could conclude that Johnson's calls were barged on account of his race. For this reason, Yelp is entitled to summary judgment on this score.

## IV.     Conclusion

For all the above reasons, the Court will grant Yelp's Motion for Summary Judgment and enter judgment in its favor. A separate order will issue.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: January 27, 2023